UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA FROMER<br><br>                                   Plaintiff<br><br>- against -<br><br>MANHATTAN WEST ASSOCATES, L.P. and<br>T.U.C. MANAGEMENT COMPANY, INC.,<br><br>                                   Defendants | 23cv1270<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff CYNTHIA FROMER, by her attorney, James E. Bahamonde, from the Law Offices of James E. Bahamonde, PC, and for her Complaint against Defendants respectfully alleges:

## STATEMENT OF CLAIMS

1. The Defendants, MANHATTAN WEST ASSOCATES, L.P. and T.U.C. MANAGEMENT COMPANY, INC., a landlord and management company, respectively, have refused to provide Plaintiff CYNTHIA FROMER, an individual with cerebral palsy, with a reasonable accommodation so that her apartment can receive proper bedbug treatment. As a result of the Defendants' failure to make a reasonable accommodation, Ms. Fromer has been forced to live in an apartment with a severe infestation of bedbugs since August 2022. In addition, Defendants are aware that because of the bedbug infestation, the personal care agency will not send personal care assistants she urgently requires.

2. Defendants have made a financial decision to ignore decades old, well-settled prevailing housing discrimination law, and failed to provide Ms. Fromer with a reasonable accommodation so that she may have equal housing opportunities.

3. Plaintiff seeks declaratory, injunctive and equitable relief, as well as damages, and

1

attorney's fees and costs against Defendants for their violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (hereinafter "FHA"), New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.*, New York State Civil Rights Law, and New York City Human Rights Law § 8-107, *et seq*.

4. Plaintiff seeks equitable and injunctive relief for housing and disability discrimination against Defendants for their violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (hereinafter "FHA"), New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.*, New York State Civil Rights Law, and New York City Human Rights Law § 8- 107, *et seq*.

5. Plaintiff seeks punitive damages against each Defendant for their reckless and/or callous indifference to their rights under the Fair Housing Act, and New York State Human Rights Law, and New York City Human Rights Law. Attempts at

**JURISDICTION AND VENUE**

6. That at all times hereinafter mentioned, Plaintiff CYNTHIA FROMER is now, and at all times mentioned in this complaint, a resident of New York, N.Y,

7. Venue is proper in this Court because the real property where the events occurred is located in New York County, N.Y.

8. Venue is proper in this court because Plaintiff and Defendants are residents of New York County, N.Y.

9. Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613.

10. The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Fair Housing Act.

11. The Court has supplemental jurisdiction over Plaintiff's State and City law claims pursuant to 28 U.S.C. § 1367(a).

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, or omissions, giving rise to this action, including the unlawful practices alleged herein, occurred within the District.

**PARTIES**

14. During all relevant times, Plaintiff CYNTHIA FROMER has been a resident of New York County, New York, and is a citizen of the United States.

15. Defendant MANHATTAN WEST ASSOCATES, L.P. is a domestic limited partnership authorized by the Secretary of State of New York to do business in New York State with its principal County of business designated as New York County, N.Y.

16. Defendant MANHATTAN WEST ASSOCATES, L.P. is the owner of the multifamily apartment building located at 135 W. 106th St., New York, N.Y.

17. Defendant T.U.C. MANAGEMENT COMPANY, INC. is a domestic limited liability company authorized by the Secretary of State of New York to do business in New York State with its principal County of business designated as New York County, N.Y.

18. During all relevant times, Defendant T.U.C. MANAGEMENT COMPANY, INC. is the management company of the multifamily building located at 135 W. 106th St., New York, NY.

19. During all relevant times, Defendant T.U.C. MANAGEMENT COMPANY, INC. has been an agent of Defendant MANHATTAN WEST ASSOCATES, L.P..

20. Jeffrey Goldstein from T.U.C. MANAGEMENT COMPANY, INC. is registered with NYC Department of Housing Preservation and Development as the managing agent of the

multifamily apartment building located at 135 W. 106th St., New York, N.Y.

## STATUTORY SCHEME

21. Under the Fair Housing Act, New York State Human Rights Law, and New York City Human Rights Law a housing provider is required to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities equal opportunity to use and enjoy a dwelling.

22. To encourage owners of multifamily dwelling complexes to be active supervisors of their subordinates, the Fair Housing Act imposes vicarious liability upon principals or employers for the acts of their agents or employees. Consequently, a principal is legally responsible for the acts, conduct, and statements of their agent.

23. In New York City, landlords are legally required to eradicate bedbugs in rental apartments within 30 days, and must ensure that the rental apartments do not become re-infested.

24. Landlords are also required to inform renters about any history of bedbugs in their building, and notify the City of any new infestation.

## FACTUAL BACKGROUND

25. Ms. Fromer resides on the fifth floor of the multifamily apartment building located at 135 W. 106th St., New York, N.Y.

26. Plaintiff is an individual with a neurological disability who lacks balance, has limited strength in her arms and legs, and cannot walk on her own. As a result of these limitations, Ms. Fromer relies on a wheelchair to ambulate.

27. Because of Ms. Fromer's disabling limitations, she requires personal care assistants to help her with the functions of daily living such as dressing, bathing, cleaning, washing and cooking.

28. During all relevant times, Ms. Fromer regularly received six hours of personal care assistance each day.

29. In early August 2022, Ms. Fromer reported to Defendants that her rental apartment was infested with bedbugs. In response, Defendants said her apartment could not be treated for bedbugs unless she first packs her personal items. Ms. Fromer informed Defendants that she is unable to pack her personal items because of her disability and disabling limitations. She then asked an individual who identifies himself as Edwin, who is an employee of Defendants', if he could assist her in packing, and he responded affirmatively.

30. Edwin later told Ms. Fromer that he could not assist her with packing her personal belongings because he was instructed by Defendants' assistant manager not to help. Edwin said that Ms. Fromer needed to find someone on her own.

31. Defendants failed to engage Ms. Fromer in an interactive process to determine the necessary reasonable accommodation, and how to help Ms. Fromer with packing her personal belongings, or what she needed in order to properly treat her apartment for the bedbug infestation.

32. Approximately two weeks later, an exterminator came to her apartment unannounced and stated he was there to treat her apartment for bedbugs. The exterminator then said he would pack Ms. Fromer's personal belongings and requested that she leave the apartment for four hours.

33. Because Ms. Fromer had not received sufficient prior notice, she was unable to properly dress or gather her personal belongings items before leaving the apartment. Ms. Fromer also had nowhere else to go while the exterminator worked in her apartment. Therefore, for the next four hours, Ms. Fromer waited in the lobby of her apartment building.

34. After the bedbug treatment, Ms. Fromer returned to the apartment and saw that her

furniture and personal items had been recklessly placed all over the apartment. It appeared as if a tornado had struck her apartment. Some items were placed in plastic bags. However, this was done in such a haphazard manner that Ms. Fromer had no idea where many personal items were located. In fact, Ms. Fromer still cannot locate her checkbook, work-related documents, and most of her clothing. Further, because of the careless moving of her furniture, Ms. Fromer could not access the refrigerator, or her bed, and had to sleep in her wheelchair until she received assistance the next day.

35. Unfortunately, after the treatment, her apartment was still infested with bedbugs. As a result, the personal care agency that had been regularly sending personal care assistants to Ms. Fromer, notified her that they would not send any personal care assistants to her home until the infestation is remedied.

36. Since August 2022, Ms. Fromer has not had any personal care assistance unless she paid out-of-pocket.

37. On November 1, 2022, Ms. Fromer informed Defendants' social worker of the difficulties she was having and need to locate and arrange her personal items, as well as requests for reasonable accommodation so that her apartment can be properly treated for bedbugs.

38. On November 1, 2022, Ms. Fromer informed Defendants' social worker of the urgency to remedy the infestation of bedbugs because of her disability and dependency on personal care assistants. In response, Defendants did nothing.

39. On December 15, 2022, Ms. Fromer reached out to Defendants, in writing, to request assistance and informed Defendants she was having tremendous difficulties because of the ongoing bedbug infestation. In the letter, Ms. Fromer also reiterated her request for a reasonable accommodation to be temporarily moved to an accessible apartment or hotel so that her apartment

can be properly treated for bedbugs, to hire a moving company to pack up her belongings and move them to an accessible apartment or hotel, along with confirmation that the bedbugs were eradicated before moving back to her apartment.

40. To date, Defendants have not responded to the letter or Ms. Fromer's request for a reasonable accommodation.

41. Ms. Fromer's apartment, including her bed, clothing and personal items are still infested with bedbugs.

42. Defendants have denied Ms. Fromer a reasonable accommodation.

43. Defendants have failed to ensure the bedbug infestation of Ms. Fromer's apartment was eradicated.

44. Defendants have failed to inform the residents of the multifamily apartment building about the history of bedbugs in the building.

45. Defendants have failed to notify the City of bedbug infestations.

46. During all relevant times, Defendants did not have a written or established policy or procedure for requesting reasonable accommodations.

47. During all relevant times, Plaintiff's mobility disability was obvious because she is substantially limited in walking and relies on a wheelchair to ambulate.

48. During all relevant times, Defendants were aware of Ms. Fromer's mobility disability and use of a wheelchair because they have interacted with in person multiple times.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
**(Violations of the Fair Housing Act, 42 USC 3604, *et seq*.)**

49. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

50. During all relevant times, Plaintiff has had a handicap as defined in 42 U.S.C. § 3602(h).

51. Plaintiff is an "aggrieved person" as defined in 42 U.S.C. §§ 3602(i) and 3613(a)(1)(A).

52. Defendant Manhattan West Assocates, L.P. owns and operates the multifamily apartment building located at 135 W. 106th St., New York, N.Y. The apartment building contains four or more units. As such, it is a covered multifamily dwelling as defined in U.S.C. § § 3604(f)(7).

53. Defendants have discriminated against Plaintiff in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling Defendants have because of disability in violation of 42 U.S.C. § 3604(f)(2).

54. Defendants have discriminated against Plaintiff by refusing to make reasonable accommodations in the rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. § 3604(f)(3)(B).

55. Defendants have failed to provide Plaintiff, an individual with a physical mobility disability, with a reasonable accommodation to relocate her to an apartment or hotel that is readily accessible while Defendants pack Ms. Fromer's personal items and have her apartment treated for bedbugs in violation of 42 U.S.C. § 3604(f)(3)(B).

56. The reasonable accommodation requested by Plaintiff is reasonable and necessary to afford Ms. Fromer equal opportunity to use and enjoy a dwelling.

57. The reasonable accommodation requested by Plaintiff is reasonable and necessary to afford Ms. Fromer proper treatment for bedbugs.

58. Defendants have pursued their discriminatory practices for the purpose, and/or with the effect, of excluding individuals with disabilities from residing at Defendants 'multifamily apartment building.

59. The accommodations requested by Plaintiff does not fundamentally alter the nature of the program, activity, or service, or cause an undue financial or administrative burden.

60. Plaintiff and her disability do not constitute a direct threat to the health or safety of other individuals or result in substantial physical damage.

61. As a direct and proximate result of Defendants' unlawful discrimination in violation of the Fair Housing Act, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, headache and attendant bodily injury, stomach-ache, digestive disorder, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain, and otherwise sustained injuries.

62. As a direct and proximate result of Defendants' unlawful discrimination in violation of the Fair Housing Act, Plaintiff has been injured and has suffered lost housing opportunity.

63. Defendants' discriminatory actions were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendants also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, Plaintiff is entitled to punitive damages under 42 U.S.C. § 3613(c).

### SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)

64. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

65. Plaintiff and Defendants are "persons" as defined in New York State Executive Law § 292(1).

66. Plaintiff Cynthia Fromer has a "disability" as defined by New York State Executive Law § 292(21).

67. Plaintiff's apartment located at 135 W. 106th St., New York, N.Y., is a "housing accommodation" as defined in New York State Executive Law § 292(10).

68. Defendants 'multifamily dwelling located at 135 W. 106th St., New York, N.Y., contains three or more separate housing accommodations.

69. Defendants' multifamily dwelling located at 135 W. 106th St., New York, N.Y., is a "multifamily dwelling" as defined in New York State Executive Law § 292(12).

70. Plaintiff has a disability as defined in New York State Executive Law § 292(21).

71. Defendants have discriminated against Plaintiff, on the basis of disability, in the terms, conditions or privileges of rental or lease of any such housing accommodation or in the furnishing of facilities or services in connection therewith in violation of New York State Executive Law §§ 296(5)(a)(2) and 296(5)(b)(2).

72. Defendants have aided, abetted, incited, compelled, or coerced the doing of any of the acts forbidden under New York State Human Rights Law, or attempted to do so in violation of New York State Executive Law § 296(6).

73. Defendants have refused to make reasonable accommodations in rules, policies, practices, or services, when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling, including reasonable modifications to common use portions of a dwelling in violation of New York State Executive Law § 296(18)(2).

74. As a direct and proximate result of Defendants' unlawful discrimination in violation

of the New York State Executive Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, headache and attendant bodily injury, stomach-ache, digestive disorder, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain, and otherwise sustained injuries.

75.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York State Executive Law, Plaintiff has been injured and has suffered lost housing opportunity.

76.     Defendants' discriminatory actions in violation of New York State Executive Law were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendants also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, Plaintiff is entitled to punitive damages under New York Executive Law § 297(10).

## THIRD CAUSE OF ACTION
### (Violations of New York City Human Rights Law)

77.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

78.     During all relevant times, Plaintiff has had a disability as defined by New York City Human Rights Law, NYC Administrative Code § 8-102(16).

79.     Plaintiff is a person as defined by New York City Human Rights Law **§** 8-102(1)**.**

80.     The apartment building where Plaintiff resides, is a "housing accommodation" as defined by New York City Human Rights Law § 8-102(10).

81.     Plaintiff has made a "reasonable accommodation" as defined in New York City Human Rights Law, NYC Administrative Code§ 8-102(18).

82. Defendants discriminated against Plaintiff for failing to make reasonable accommodation to enable Plaintiff, a person with a disability, to have equal opportunity to use and enjoy a dwelling in violation of New York City Human Rights Law, NYC Administrative Code § 8-107(15).

83. The reasonable accommodation requested by Plaintiff does not impose an undue hardship.

84. With the reasonable accommodation, Plaintiff can enjoy the right or rights in question.

85. Defendants have discriminated against Plaintiff for refusing or otherwise failing to engage in the cooperative dialogue within a reasonable time with Plaintiff who has requested an accommodation in violation of New York City Human Rights Law, NYC Administrative Code § 8-107(28)(c).

86. Defendants have failed to engage Plaintiff in a cooperative dialogue to discuss the reasonable accommodation requested within a reasonable time.

87. Defendants failed to provide Plaintiff with a written determination identifying any accommodation granted or denied.

88. Defendants have discriminated against Plaintiff because of actual or perceived disability in the terms, conditions, or privileges of the lease of her housing accommodation or an interest therein or in the furnishing of facilities or services in connection therewith, in violation of New York City Human Rights Law, NYC Administrative Code § 8- 107(5)(a)(1) (b).

89. Defendants have aided, abetted, incited, compelled and coerced the doing of acts forbidden under the Administrative Code, or attempted to do so in violation of New York City Human Rights Law, NYC Administrative Code § 8- 107(6).

90. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, headache, stomach-ache, digestive disorder, embarrassment, anxiety, loss of self-esteem and self-confidence, emotional pain, and otherwise sustained injuries.

91. As a direct and proximate result of Defendants' unlawful discrimination in violation of the New York City Human Rights Law Plaintiff has been injured and has suffered lost housing opportunity.

92. Defendants' discriminatory actions were intentional, willful, and with reckless disregard for the rights of the Plaintiff. Defendants also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, under New York City Human Rights Law § 700.29(A)(4), Plaintiff is entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

A. Plaintiff seeks declaratory judgment, declaring that the conduct of Defendants constitutes violations of the Fair Housing Act Amendments, New York State Human Rights Law, and New York City Human Rights Law.

B. Issue a preliminary injunction requiring Defendants to make a reasonable accommodation to: (1) temporarily move Ms. Fromer to an accessible apartment or suitable hotel room while her apartment and personal belongings are being treated for bedbugs; (2) assist in properly packing her personal items; (3) provide thorough bedbug treatment to Ms. Fromer's

apartment, furniture, personal items and clothing; (4) pay for the moving expense to move Ms. Fromer's personal items to and from the accessible apartment or hotel; and (5) verify the bedbugs have not re-infested the apartment, furniture, bed and personal items before Ms. Fromer returns to her apartment.

  C. Plaintiff seeks an injunction permanently enjoining defendants' agents, employees, and successors, and all other persons in active concert or participation from discriminating on the basis of disability against any persons in violation of the Fair Housing Act of 1968, as amended, New York State Human Rights Law, and New York City Human Rights Law, including an injunction prohibiting the following:

  (1) Disability discrimination in violation of the Fair Housing Act Amendments, New York State Human Rights Law, and New York City Human Rights Law;

  (2) Housing discrimination based on disability;

  (3) Aiding, abetting, coercing, intimidating and discriminating based on disability;

  (4) Refusing to make reasonable accommodations; and

  (5) Refusing to engage in an interactive process within a reasonable time;

  D. Permanent injunction requiring Defendants to

  (1) Make all necessary modifications to their policies, practices, and procedures to comply with fair housing laws;

  (2) Train all management, agents, and employees on fair housing laws;

  E. Have the court retain jurisdiction over the Defendants until the Court is satisfied that their unlawful practices, acts and omissions no longer exist and will not reoccur.

  F. Award such damages to Plaintiff to compensate for the injuries caused by Defendants' unlawful discrimination in violation of the Fair Housing Act;

G. Award such damages to Plaintiff to compensate for the injuries caused by Defendants' unlawful practices in violation of New York State Executive Law;

H. Award such damages to Plaintiff to compensate for injuries caused by Defendants' unlawful practices in violation of New York City Human Rights Law,

I. Award punitive damages to Plaintiff for Defendants' violation of the Fair Housing Act, New York State Executive Law, and New York City Human Rights Law;

J. Award Plaintiff reasonable attorney's fees, costs, and expenses incurred in prosecuting this action; and

K. Grant Plaintiff such other further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial on the merits by jury pursuant to Fed. R. Civ. P. 38.

Dated: February 15, 2023

**LAW OFFICES OF JAMES E. BAHAMONDE, P.C.**

By: _____
James E. Bahamonde
2501 Jody Court
North Bellmore, NY 11710-1940
Tel. (646) 290-8258
james@civilrightsny.com

*Attorneys for Plaintiff*